# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



FILED

**June 15, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **EDDIE JOE MANN,** | ) |
| | ) C.C.A. No. 02C01-9707-CC-00240 |
| Appellant, | ) |
| | ) Dyer County |
| V. | ) |
| | ) Honorable Lee Moore, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Greg Alford
Attorney at Law
108 W. Court Street, Suite 21
Dyersburg, TN 38024

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

C. Phillip Bivens
District Attorney General
115 Market Street East
Dyersburg, TN 38024

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The petitioner, Eddie Joe Mann, was convicted by a jury of theft under $500. Our Court affirmed his conviction and sentence. State v. Eddie Joe Mann, No. 02C01-9512-CC-00395 (filed at Jackson, January 16, 1997). He filed a post-conviction relief petition alleging ineffective assistance of counsel at both the trial and appellate levels. The hearing court denied relief. Petitioner appealed to this Court. Oral argument was heard on June 2, 1998.

We have reviewed this record and our opinion on direct appeal. We take note of the lengthy and comprehensive order filed by the Honorable Lee Moore, post-conviction judge, which details the facts and issues gleaned at the hearing. We take the liberty of incorporating by reference this order because of its accuracy and thoroughness. We appreciate findings and conclusions such as these when we review appellate records.

To be entitled to relief based on a claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that such deficiency prejudiced the defense. The burden rests on the petitioner to prove his allegations by clear and convincing evidence. Unless the evidence preponderates otherwise, the findings of the hearing court are conclusive on appeal. This petitioner has not demonstrated that the evidence preponderates against the hearing court's judgment.

The judgment denying relief is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee.

_____

PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
DAVID R. FARMER, Special Judge